**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-68-TLS |
| | ) | |
| TAUREAN L. HAYDEN | ) | |

**OPINION AND ORDER**

On August 7, 2013, this Court entered an Opinion and Order denying Defendant Taurean L. Hayden's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and also denying all grounds for relief raised in the Defendant's additional filings. The Clerk entered final judgment against the Defendant on his § 2255 Motion on August 7. On August 15, the Defendant filed a Motion for Leave to Supplement Pursuant to Rule 15. The Court denied the Motion for Leave to Supplement in an Opinion and Order dated August 29, 2013. Finding that the Defendant's request to amend his § 2255 motion after the Court's entry of final judgment was too late, the Court denied the Defendant's Motion because it was a second and successive § 2255 petition and the Defendant had not shown proper certification by the Seventh Circuit pursuant to 28 U.S.C. § 2255(h). Thus, the Court lacked jurisdiction to hear the Defendant's second and successive § 2255 petition.

On September 6, 2013, the Defendant filed a Motion to Construe Motion to Supplement as a Rule 59(e) Motion to Alter, Amend or Vacate Judgment [ECF No. 132]. In his Motion to Construe, the Defendant asks the Court to treat his Motion for Leave to Supplement as a Rule 59(e) motion to alter or amend judgment. The Defendant signed the certificate of service attached to the Motion to Construe on August 27, 2013, indicating that he sent it before receiving the Court's Opinion and Order denying the Motion for Leave to Supplement. Then on September

19, 2013, the Defendant filed a Notice of Appeal [ECF No. 133] of this Court's orders denying his § 2255 Motion and denying his Motion for Leave to Supplement. The Defendant also filed a Motion to Proceed in Forma Pauperis on Appeal [ECF No. 134] on September 19.

**THE DEFENDANT'S MOTION TO CONSTRUE**

"The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, Federal Rule of Appellate Procedure 4(a)(4)(B)(i) states as follows:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

One of the motions listed in Federal Rule of Appellate Procedure 4(a)(4)(A) is a motion to alter or amend judgment under Rule 59. After the district court rules on a pending Rule 59 motion, a previously-filed notice of appeal then "takes immediate effect upon that disposition and . . . transfer[s] jurisdiction" to the court of appeals. *Zbaraz v. Madigan*, 572 F.3d 370, 377 (7th Cir. 2009).

If the Defendant's Motion to Construe were a motion listed in Federal Rule of Appellate Procedure 4(a)(4)(A), then the Defendant's Motion to Construe would suspend appellate jurisdiction while this Court ruled on the Motion. *See* Fed. R. App. P. 4(a)(4)(B)(i). However, the Defendant's Motion to Construe is not a Rule 59(e) motion. Instead, it asks the Court to construe the Defendant's Motion for Leave to Supplement as a Rule 59(e) motion. But the Court has already denied the Motion for Leave to Supplement, and the Motion to Construe is not a

2

Rule 59(e) motion to alter or amend the Court's judgment concerning the Motion for Leave to Supplement.

The Defendant has filed a Notice of Appeal, and because no Rule 4(a)(4)(A) motions are pending before this Court, the filing of the Notice of Appeal "confers jurisdiction on the court of appeals and divests [this Court] of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. The Court therefore lacks jurisdiction over the Motion to Construe, and will deny it accordingly.

**THE DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." To find that an appeal is taken in good faith, a court must determine "that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). The Court cannot make such a finding in this case for the reasons stated in its August 7 Opinion and Order denying the § 2255 Motion and denying the Defendant a certificate of appealability, and in its August 29 Opinion and Order denying the Motion for Leave to Supplement and denying the Defendant a certificate of appealability. As this Court has previously articulated, the Defendant's § 2255 Motion [ECF No. 118] and his additional filings contain seven grounds, none of which merit habeas relief because they are either waived by his Plea Agreement or substantively without merit. This Court previously determined that reasonable jurists would not find the Court's denial of those claims to be debatable or wrong, and accordingly denied the Defendant a certificate of appealability. The

3

Court also denied the Defendant's Motion for Leave to Supplement because the Court lacked jurisdiction to consider the Defendant's second and successive § 2255 petition, and denied the Defendant a certificate of appealability because reasonable jurists would not find the Court's ruling on the procedural issue to be debatable.

For all the reasons set forth in this Court's Opinion and Order of August 7 and the Court's Opinion and Order of August 29, the Court finds that no reasonable person could suppose that an appeal of the denial of the Defendant's habeas Motions has any merit. *Walker*, 216 F.3d at 632.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Defendant's Motion to Construe Motion to Supplement as a Rule 59(e) Motion to Alter, Amend or Vacate Judgment [ECF No. 132] for lack of jurisdiction. Furthermore, the Court CERTIFIES that the Defendant's appeal is not taken in good faith and DENIES the Defendant's Motion to Proceed in Forma Pauperis on Appeal [ECF No. 134]. The Defendant may still proceed with this appeal, but to do so he must pay the full amount of the filing and docketing fees or file a petition to proceed in forma pauperis with the United States Court of Appeals for the Seventh Circuit.

SO ORDERED on September 26, 2013.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT